RECEIVED
IN LAKE CHARLES, LA
NOV 16 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 06-20031 |
|---|---|---|
| | * | |
| | * | 17 U.S.C. § 506 |
| | * | 18 U.S.C. § 371 |
| VERSUS | * | 18 U.S.C. § 2319 |
| | * | |
| | * | JUDGE MINALDI |
| | * | |
| DAVID MORVANT | * | MAGISTRATE JUDGE WILSON |

## PLEA AGREEMENT

The following sets forth the complete details on the plea agreement between the United States and the defendant, DAVID MORVANT, with respect to a Bill of Information now pending in the United States Court for the Western District of Louisiana.

**IT IS UNDERSTOOD AND AGREED THAT DEFENDANT, DAVID MORVANT:**

(1)     Will enter a plea of guilty to Count 1 of the Bill of Information charging him with Conspiracy to Engage in Copyright Infringement, in violation of Title 18, United States Code, Sections 371 and 2319(b)(1) and Title 17, United States Code, Section 506(a)(1).

(2)     Will admit to the Court he is in fact guilty of the offense charged.

(3)     Will cooperate fully and truthfully in the government's investigation and prosecution of this matter as well as other investigations and prosecutions, such cooperation including, but not limited to, testifying before the grand jury or at trial if requested. Defendant understands that defendant's failure to testify truthfully can result in defendant being prosecuted for perjury or giving false statements and in the government withdrawing from this Plea Agreement.

(4) Will make a full disclosure of his assets and property to the United States Probation Office prior to term of supervised release or probation. Failure to make aforementioned full disclosure, will release the United States of its obligations under the Plea Agreement, but defendant, DAVID MORVANT, will not be allowed to withdraw from this guilty plea.

(5) Will reimburse the United States for court-appointed counsel and agrees that the Court may include such reimbursement in the Order of Judgment.

(6) Will abandon, for destruction or official use, any and all interest that he may have in any and all property seized by local, state or federal authorities in the investigation, arrest and prosecution of this matter as charged in Count 1 of the Bill of Information. The defendant further agrees to execute any documents or take any other steps requested by the Government to accomplish abandonment or to resolve any claims against the assets in this case.

(7) Will not seek a departure under the guideline range (U.S.S.G. § 5C1.1).

**THE UNITED STATES OF AMERICA AGREES:**

If the Court finds a factual basis for defendant, DAVID MORVANT's plea of guilty, pursuant to Federal Rule of Criminal Procedure 11(b)(3) then the United States agrees:

(1) At the time of sentencing, the United States will make known to the Court the nature and extent of the defendant's cooperation, if any.

(2) Not to oppose the defendant's contention that he has clearly accepted responsibility for his offense. However, the defendant, DAVID MORVANT, understands that the final determination as to whether he has in fact accepted responsibility is exclusively within the power of the Court.

(3) The government hereby moves pursuant to U.S.S.G. § 3E1.1(b) (Acceptance of Responsibility) for defendant to receive a one point reduction in his offense level should that offense level be 16 or greater, as defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

(4) The United States **may**, but shall not be required to, make a motion pursuant to § 5k1.1 of the United States Sentencing Guidelines, requesting the Court to depart downward in the event the defendant provides "substantial assistance." This decision shall be in the sole and non-reviewable discretion of the United States Attorney.

It is understood and agreed that a motion for departure shall not be made, under any circumstances unless defendant's cooperation is deemed "substantial" by the United States Attorney. The United States has made no promise, implied or otherwise, that the defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if the defendant complies with the terms of this agreement in all respects, but has been unable to provide "substantial assistance."

It is understood that even if a motion for departure is made by the Government, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

**GENERAL PROVISIONS:**

(1)　The United States and the defendant, DAVID MORVANT, agree that the United States Sentencing Commission has issued guidelines for judges to consider in determining the appropriate sentence in criminal cases. However, the United States Supreme Court ruled in United States v. Booker, 520 U.S. 220, 125 S.Ct. 738. 160 L.Ed. 2d 621 (2005) that the Sentencing Guidelines are not mandatory. The defendant acknowledges that he has thoroughly and adequately discussed with his lawyer the effects of the Guidelines with respect to the entry of his guilty plea. The defendant understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the pre-sentence investigation and that sentencing in this matter is within the discretion of the Court. The defendant further realizes that a violation of the conditions of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court. The defendant also understands that the period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court regardless of the amount of time of the supervised release the defendant has successfully completed. The defendant also understands that if he were imprisoned for the full term of supervised release, that the combined time spent in prison under a sentence of imprisonment and a subsequent revocation of supervised release may exceed the statutory maximum.

(2)　The defendant, DAVID MORVANT, further understands that, in accordance with 18 U.S.C. § 3013, upon conviction the Court shall assess upon him the amount of $100.00. The defendant understands and agrees that, as a condition of this plea

agreement, this assessment must be **paid at the guilty plea** by cashier's check or money order made payable to Clerk, United States District Court, and the defendant understands that said assessment is in addition to the maximum punishment referred to in the preceding paragraph.

(3) The defendant understands that as part of the presentence investigation the government will make available to the Court all evidence developed in the investigation of this case.

(4) Defendant acknowledges and agrees that the failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

(5) Defendant understands that the fine will be set by the Court based on the Fine Table in U.S.S.G. § 5E1.2. The defendant further agrees and understands that if a fine of more than $500.00 in restitution, fines and/or assessments is owed to the United States Government, a lien will be filed. The defendant understands that if a lien is filed against his property, his obligation to pay restitution shall last for twenty (20) years, after imprisonment ordered or under death, pursuant to Title 18, United States Code, Section 3613.

(6) This is the entire plea agreement between the United States Attorney's Office and the defendant and is entered into freely, knowingly, and voluntarily with no threats or coercion, after due consultation with his attorney.

Thus done this 16th day of November, 2006, in Open Court in Lake Charles, Louisiana.

_____
DAVID MORVANT
Defendant

_____
DANIEL J. STANFORD
Attorney at Law
117 Calliouet Place
Lafayette, LA 70501
Telephone: (337) 232-2272

DONALD W. WASHINGTON
United States Attorney

_____
STEPHANIE A. FINLEY
Assistant U.S. Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501-6832
Telephone: (337) 262-6618