RECEIVED
IN LAKE CHARLES, LA
NOV 16 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 06-20031 |
| | * | |
| | * | 17 U.S.C. § 506 |
| | * | 18 U.S.C. § 371 |
| VERSUS | * | 18 U.S.C. § 2319 |
| | * | |
| | * | JUDGE MINALDI |
| DAVID MORVANT | * | MAGISTRATE JUDGE WILSON |

## STIPULATED FACTUAL BASIS FOR GUILTY PLEA

NOW INTO COURT, comes the United States Attorney's Office for the Western District of Louisiana, through the undersigned Assistant United States Attorney, and the defendant, DAVID MORVANT, represented by his undersigned counsel, Daniel J. Stanford, and for the purposes of providing the Court with a factual basis for a plea agreement pursuant to Rule 11(b)(3) of the Federal Rules of Criminal Procedure, stipulate as follows:

Between on or about June 1, 2002, until on or about April 31, 2004, the exact dates being unknown, in the Western District of Louisiana and elsewhere, the defendant, DAVID MORVANT, had a computer connected to the Internet known as an "FTP server," a computer used to transfer files to and from computer files and a transfer facility so that other internet users can upload and download files. The defendant named his FTP server "Gator Farm."

On June 24, 2004, the defendant participated in an online "conversation" known as Internet Relay Chat, or IRC. In the chat session, the defendant, through co-conspirators, arranged for another individual to establish a computer to act as "bounce box" for the defendant's FTP site in Louisiana. The bounce box, located in the Western District of North Carolina, provided security for Gator Farm. Only those individuals directly or indirectly authorized by the defendant or the unnamed co-conspirator could access Gator Farm and to do so, they had to first access the bounce box from an authorized computer and provide a valid user name and password. After the authentication process was completed, the bounce box would redirect the authorized user to Gator Farm, and the individual could upload and download files.

The defendant and authorized users used Gator Farm to store and distribute illegal reproductions of copyrighted computer software, including games, and digital entertainment, including movies and music. Beginning on or about October 12, 2002, co-conspirators given access to Gator Farm began transferring pirated digital material into and out of Gator Farm after authentication through the bounce box. Thereafter, and continuing until April 21, 2004, the defendant maintained hundreds of pirated reproductions of copyright-protected works for dozens of others to download and distribute, the value of which materials exceeded $2,500. For example, the retail price of just one such program, Autodesk's Architectural Desktop 2005, was $4,195.

The Internet address of Gator Farm, to which the bounce box redirected traffic, was registered to the defendant's employer. On April 21, 2004, the FTP server known as Gator Farm was seized pursuant to a search warrant executed on the premises of the defendant's employer. At the time, the defendant was interviewed by telephone and

admitted to being the only person to his knowledge with root or complete administrative access to the computer and FTP server known as Gator Farm. He advised agents that the unnamed co-conspirator had administrative access to Gator Farm.

_____
DAVID MORVANT
Defendant

_____
DANIEL J. STANFORD
Attorney at Law
117 Calliouet Place
Lafayette, LA 70501
Telephone: (337) 232-2272


DONALD W. WASHINGTON
United States Attorney

_____
STEPHANIE A. FINLEY
Assistant U.S. Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501-6832
Telephone: (337) 262-6618